JAMES KINNEY v. JOSEPH OGDEN, Administrator of GABRIEL OGDEN, deceased.

An injunction issued to restrain proceeding in attachment against a non-resident debtor, for the recovery of a judgment debt, at the instance of the defendant in attachment, will be dissolved, unless the amount of the judgment be deposited with the clerk of this court before issuing the injunction.

The statute declaring that an injunction shall not issue to stay proceedings at law in any personal action after judgment, unless the amount of the judgment, with costs, be first deposited with the clerk of the court by the applicant for the injunction, if he be a defendant in the said proceedings at law, is not limited to proceedings in the same suit.

The meaning of the statute is, that a party who has obtained a judgment shall not be stayed or hindered in any suit or proceeding he may institute for the recovery of it, unless the amount of the judgment be first deposited with the clerk of the court.

Chancery will not relieve against a judgment at law, on the ground of its being contrary to equity, unless the defendant in the judgment was ignorant of the fact in question pending the suit, or it could not have been received as a defence, or unless he was prevented from availing himself of the defence by fraud or accident, or the act of the opposite party, unmixed with negligence or fraud on his part.

INJUNCTION bill, to restrain proceedings at law, filed June seventh, 1833. The object of the bill was to restrain proceedings

upon an attachment issued out of the inferior court of common pleas of the county of Bergen, against the complainant and Elias Kinney, as non-resident debtors, for the amount of a judgment previously rendered against them, in favor of the defendant in this cause. Upon filing the bill an injunction was allowed by chancellor Seeley. An answer having been filed by the defendant, the cause was heard upon motion to dissolve the injunction.

*S. Scudder* and *E. Vanarsdale,* for defendant.

*I. H. Williamson,* contra.

Cases cited in support of the motion. *Rev. Laws,* 705, s. 6; 2 *John. Chan. R.* 228; 1 *Ibid,* 49, 91, 320, 465; 6 *Ibid,* 87.

THE CHANCELLOR. The defendant seeks to have the injunction in this case dissolved on two grounds, both of which, I think, are well taken.

The *first* is, that the injunction issued to stay proceedings at law, after judgment, without any deposite being first made of the amount of the judgment and costs.

The defendant, in 1820, had recovered a judgment against the complainant, in the court of common pleas of the county of Sussex. The complainant afterwards removing to the county of Bergen, and the judgment, or the greater part of it, remaining unpaid, a suit was brought upon it in that county, and a second judgment recovered in January, 1823. The complainant then removed to the city of New-York, and having afterwards acquired property in this state, a writ of attachment was sued out by the defendant to seize the property, and thereby out of it to make the money still due on the last mentioned judgment. The injunction was issued to stay the proceedings in the attachment.

It was necessary, before the injunction could rightfully issue under these circumstances, that the amount due on the judgment should have been deposited with the clerk. By the sixth section

of the practice act, (*Rev. Laws*, 704,) it is enacted, that an injunction shall not issue, to stay proceedings at law, in any personal action, after a verdict or a judgment, unless a sum of money, equal to the amount for which the verdict or judgment is given, with costs, shall be first deposited with the clerk of the court, by the applicant for such injuntion, if such applicant shall be a defendant in the said proceedings at law.

This provision is not limited to proceedings in the same suit. It does not mean; simply; that a party shall not be restrained from issuing execution on a judgment, or from proceeding to make the money on such execution. But it means, that a party who has obtained a judgment, shall not be stayed or hindered in any suit or proceeding he may institute for the recovery of it, unless the amount of it be first deposited in the office. Such is the true spirit of the section, and the reason of the thing.

If a party shall not be injoined against issuing execution, he ought not to be injoined against proceeding by attachment, when that would be more effectual than an *execution*. Both are proceedings at law after judgment, and the object of both is the same, viz: the recovery of the amount of the judgment.

In the case of *Newton* v. *Douglass*, there was a bill in equity filed, to enforce the collection of money due on a judgment, after the return of an execution at law unsatisfied, and the defendant in equity sought to restrain the proceedings in that court. The chancellor said; if the complainant had any equity in his case, he could not have been entitled to an order in the nature of an injunction; without paying into court a sum of money equal to the amount of the judgment and costs, in conformity with the statute. And he held that, although the statute (which is, *quoad hoc*, the same as ours) did not in terms embrace a proceeding in chancery to enforce the collection of a judgment, yet it was within the spirit of the law : 1 *Hoff. Prac.* 89, *in notis*.

On this first ground, I am of opinion, that the order for an injunction was improvidently made, and that the injunction itself should be set aside for irregularity.

The defendant is entitled, also, to have the injunction dissolved

on the merits. There is no equity in the bill to sustain it ; and the bill is not helped by the answer. The gravamen of the complaint is, that the second judgment is for more than the sum actually due ; that he ought to have had credit for the amount of certain receipts, which he placed in the hands of an attorney, who lost or mislaid them. But it appears upon the complainant's own showing, that although he must have known, or ought to have known, of the loss of these receipts, before the entry of the judgment, yet he made no effort to supply their loss ; he filed no plea, nor did he make any defence whatever to the action. If a discovery was necessary to the ascertainment of his rights, he ought then to have sought it. He thought proper to omit it, and suffer judgment to be entered against him. It is too late to come to this court now for relief. It can afford no aid to those who thus neglect their rights. No obstacles were interposed by the defendant, and the complainant has not assigned a single reason why the court should depart from its settled practice.

The general principle governing all cases of this kind, has been long established, and is well defined by the court in the case of *Foster* v. *Wood*, 6 *John. Chan. R.* 87. " Chancery will not relieve against a judgment at law, on the ground of its being contrary to equity, unless the defendant in the judgment was ignorant of the fact in question pending the suit, or it could not have been received as a defence, or unless he was prevented from availing himself of the defence by fraud or accident, or the act of the opposite party, unmixed with negligence or fraud on his part."

The complainant insists, however, that he is entitled to a credit of about forty dollars for an account against the defendant since the rendition of the second judgment, and that he refuses to give him credit for it. The defendant admits the account as an equitable claim, and believes he has given credit, or made an allowance for it, in calculating the amount of debt inserted in the affidavit on which the attachment issued. Whether this was so done or not, appears to me immaterial. The defendant admits the justness of the account. It is, then, a fair matter of

[Kinney v. Ogden's Adm'r.]

offset against the amount due on the judgment; and the auditors who are to adjust the claims of the plaintiff in attachment, as well as the other creditors, will make the proper allowance for it. There is no equity springing out of the fact, (if it be true,) that the plaintiff in the attachment had neglected or omitted to allow it in the affidavit. That is not conclusive upon the rights of the complainant.

Let the injunction be dissolved.