REEVES and others *vs.* COOPER and others.

This court will not retain an injunction restraining proceedings under an attachment by virtue of the act of 1855, when it is admitted that the debts on which the writ was issued are justly due, on the ground that said act is unconstitutional, or that it was repealed without any saving clause; or that the attachment was not properly executed by the sheriff; or that the capital stock of the corporation is not the subject of attachment.

As the money secured by the attachment is admitted to be due, and as the complainants should pay what they justly owe, this is a plain case for the application of the maxim—a party asking equity must do equity.

Neither is it the province of this court to correct alleged errors in the judgment rendered by virtue of the proceedings in attachment.

A court of equity will sometimes interfere and grant relief against a judgment obtained by fraud or imposition, and also a judgment obtained under circumstances of extraordinary hardship.

But it has no authority to correct alleged errors of a court of law or to aid

a party who, through his own negligence, has involved himself in difficulty.

As all the questions in this case are eminently proper for a court of law to deal with, a party will not be permitted to move the proceedings from that tribunal into this court for the purpose of settling here questions of pure law.

*B. Gummere* moved to dissolve the injunction, on the ground of want of equity in the bill. .

*A. Browning* argued against the motion.

*Att'y Gen. Dayton* replied.

THE CHANCELLOR. This injunction must be dissolved upon both grounds taken on the argument of the motion —that a party asking equity must do equity—and that a party cannot have relief in equity where he has an adequate remedy at law.

There is a judgment in attachment in the Supreme Court against the complainant for upwards of one hundred and seventy thousand dollars. Five thousand shares, or more, of the capital stock of the Cumberland Nail and Iron Company were attached as the property of the defendants. The auditors have advertised the stock for sale. The complainants ask this court to interfere on the following grounds—*first,* that the law of 1855, under which the attachment was issued, is unconstitutional, and the proceedings therefore void; *second,* if constitutional, it was repealed, although after the judgment, yet before it was executed, and that there was no saving clause as to pending suits; *third,* that the attachment was not properly executed by the sheriff; and *fourth,* that the capital stock of an incorporated company is not the subject of attachment.

The bill admits that the debts due from them to the plaintiffs and creditors under the attachment are honest debts, and that they are now due and owing. They give no reason why they should not promptly pay them. They

complain that the defendants have obtained an advantage at law, and by the aid, and under the direction of a court of law, are appropriating their property to pay these debts. This court cannot deprive the defendants of their legal advantage, unless the complainants pay what they justly owe. They can relieve their property without the aid of this court. All they have to do is to pay the debt. Nothing can be plainer than that this court ought not to relieve them upon any other terms. It is a plain case for the application of the maxim—a party asking equity must do equity. " Courts of equity never interfere to deprive a plaintiff at law of any legal advantage which he may have gained, unless the party seeking relief will do complete justice by paying what is really due. Indeed they have, upon the same principle, gone so far as to refuse their assistance in relieving against a judgment obtained by fraud." *Payne* v. *Dudley,* 1 *Wash. Rep.* 199 ; *Small* v. *Brackley,* 2 *Vern.* 602 ; *McDonald et al.* v. *Neilson,* 2 *Cowen* 139 ; *Lee* v. *Insurance Company,* 2 *Alabama* 21.

On the other ground, also, the injunction must be dissolved. The proceedings complained of are in the Supreme Court. That court is competent, and is possessed of every facility that this court has of determining the questions raised by this bill, and giving adequate relief to the parties, if they are entitled to any. This court is asked to interfere with a judgment of the Supreme Court, and to prevent a sale under its order, on the ground that the proceedings in that court are erroneous and contrary to law. This court is asked to correct alleged errors in the judgment and proceedings of the Supreme Court. It possesses no such jurisdiction. It is true a court of equity will sometimes interfere and grant relief against a judgment obtained by fraud or imposition, and also a judgment obtained under circumstances of extraordinary hardship, as where the defendant in the judgment was ignorant of the fact upon which he relies for relief pending the suit, or it could not have been received as a de-

fence, or he was prevented from availing himself of the defence by fraud or accident, or by the act of the opposite party, unmixed with negligence or fraud on his part. *Foster* v. *Wood*, 6 *Johns. Chan. R.* 87; *Kinney* v. *Ogden's adm'r*, 2 *Green's Ch. R.* 168. But where the party has presented the matter which he claims as the ground of his relief to a court of law, and the court has decided against him, or when, through his own negligence, he has failed to present it to the court in which the suit was pending, this court can grant no relief. It has no authority to sit in judgment to correct alleged errors of courts of law, and it will not aid a party who, through his own sheer negligence, has involved himself in difficulty.

Every one of the questions presented by this bill are questions more appropriately belonging to law than equity. The constitutionality of the act of the legislature—the effect of the repealing act—the execution of the attachment, and the liability of the stock to be attached, are questions eminently proper for a court of law to deal with. Why should this court interfere? It does not appear, by the bill, that these questions have been brought to the notice of the Supreme Court, and no reason is given why they have not. This court is asked to interfere with parties prosecuting their rights in the Supreme Court, and to remove the proceedings from that tribunal into this court, for the purpose of settling here questions of pure law. It cannot be done. It would be extending the jurisdiction of the court beyond anything that had ever been claimed for it before. The Supreme Court has cognizance of the case. The questions involved are all pure questions of law, and the court has the power to give the party adequate relief, if he is entitled to it.

The injunction must be dissolved with costs.