ABRAHAM SMALLEY

*v.*

ISAAC LINE and JOHN NELSON.

1. The sheriff who holds an execution at law, is not a necessary party to a suit in this court to stay proceedings thereunder.

2. Where a compromise has been made between a debtor and his creditor, of claims held by the latter against the former as an individual and claims held against him as a member of a partnership, and the consideration has been paid, the court will give effect to and enforce the compromise, if justice requires it.

3. The fact that a complainant attempted to set up a merely equitable defence in a suit at law, will not debar him from subsequently, after judgment, setting it up in this court against the judgment.

Bill for relief. Motion to dissolve injunction on bill.

*Mr. W. Strong*, for the motion.

*Mr. A. V. Schenck, contra.*

THE CHANCELLOR.

The bill is filed to restrain the defendant, John Nelson, from enforcing payment of a judgment recovered by the

defendants (but really the property of John Nelson alone), in the supreme court of this state, in 1876, against the complainant and Abraham V. Nelson, on a promissory note made by them in their firm name of Nelson & Smalley, for $500, but on which $250 were paid by the complainant and credited before judgment. When that note was given, the complainant and Abraham V. Nelson, who was the brother of John Nelson, were in partnership together in the business of buying and selling hay. The note was given to the defendants, who were then in partnership together in business under the firm name of Line & Nelson.

There were mutual dealings between the complainant and the defendant, John Nelson, individually; and there were mutual accounts, and also an indebtedness from the complainant to John Nelson, for which the latter held the promissory notes of the former. It appears by the statements of the bill, that the complainant and John Nelson, in March, 1870, made an attempt to settle their demands against each other, in which the amount of Nelson's demands against Smalley, and the amount of the latter's demands against Nelson, were ascertained; but no settlement was agreed upon, nor was any amount ascertained as the balance of the accounts. Nelson then produced for payment the note of $500, which, as before mentioned, had been given by Nelson & Smalley to Line & Nelson. Abraham V. Nelson, the complainant's then late partner (for the partnership had been practically dissolved), was insolvent, and that fact was known to John Nelson, who was his brother. The $500 note was then the property of John Nelson, to whom it had been assigned in a settlement between him and Isaac Line of their partnership affairs. The complainant objected to including the $500 note in the settlement between him and John Nelson, and refused to settle their individual demands. No settlement was therefore made at that meeting.

A few days afterwards John Nelson came to the complainant's house and renewed the effort for a settlement. The complainant still refused to include the $500 note in the

settlement, or to settle at all; but it was finally agreed between them that the complainant should pay $750, the full amount of John Nelson's demand against him on individual account, including the promissory notes before referred to, (which were barred by the statute of limitations, and which he had therefore refused to pay,) and $250 in respect of the $500 note, and that John Nelson would, in consideration thereof, discharge him from all demands, including the $500 note. The complainant accordingly gave to John Nelson his note for $1,000, which was accepted by him in full of all demands against him, including his liability on the $500 note, and Nelson endorsed on that note and signed an acknowledgment of the receipt of $250 on the note.

The bill states that on doing so he said he would "put it down that way," and would "give the complainant a writing at any time releasing him from all liability on account of that note," and he requested the complainant to say nothing to Abraham V. Nelson about the transaction, because he was "going to hold the note" against the latter and compel him to pay the balance. The complainant, confiding in John Nelson's promise, left the note in his possession. He never obtained any release in writing. He subsequently paid the $1,000 note. Afterwards John Nelson brought suit on the $500 note, in the supreme court, in the name of Line and himself, against the complainant and Abraham V. Nelson, and recovered judgment thereon. The complainant in that suit pleaded the agreement as a release and as an accord and satisfaction, but the defence did not avail him. The agreement was denied effect as a release, because it rested merely in parol. And it was not available as an accord and satisfaction, because it was not a satisfaction of the entire debt so as completely to extinguish it. *Line* v. *Nelson & Smalley*, 9 *Vr.* 358. Thereupon the bill was filed.

The motion to dissolve the injunction is urged on the ground that the sheriff, in whose hands is the execution issued upon the judgment, and whom the injunction restrains,

Smalley *v.* Line and Nelson.

is not a party to this suit; that the individual notes of the complainant held by the defendant, were not in fact barred by the statute of limitations, inasmuch as an account of their mutual demands was stated by the parties, and *ipso facto* a new promise on the part of the complainant arose by implication from the application of part of his demands against Nelson to the payment of so much of Nelson's demands against him; and on the further ground that the defence here set up was passed upon in the suit at law. The sheriff is not a necessary party to this suit. *Horner* v. *Chester*, 12 *C. E. Gr.* 423. *High on Injunctions*, § 750. And besides, defect of parties is not necessarily a reason for dissolving an injunction. *Irick* v. *Black*, 2 *C. E. Gr.* 189. The statements of the bill show an agreement for compromise executed between the complainant and the defendant, Nelson, with a promise on the part of the latter to execute the papers which might be necessary in order to secure to the former the benefit of it. Part of the individual demands against the complainant were barred by the statute of limitations and he objected to paying the $500 note. As a compromise, it was agreed between him and Nelson that if he would pay $1,000 it would be received in full settlement and as an accord and satisfaction so far as he was concerned, and discharge his entire liability to Nelson on the partnership note as well as the individual demands. That this defence was not available to him at law, was due to the fact that the agreement was limited to his own liability on the $500 note, and did not extend to that of his late partner. It is very clear, according to the statements of the bill, that the effort of the defendant, Nelson, to compel the complainant by legal proceedings to pay the residue of the amount of that note, is inequitable. The note for $1,000 was a novation of the entire contract of the complainant, a new obligation substituted by agreement between him and the defendant, Nelson, for all his liability, as well on the $500 note as on individual account. It may be remarked, that according to the statements of the bill there was in fact no settlement

between the complainant and Nelson, except that in pursuance of which the note was given. The amount of the items of the demands on each side was computed, but no agreement was made in reference to payment. On the contrary, the complainant, as before stated, refused to pay his individual notes on the ground that he was not liable to pay them. There was no balance struck. The fact that the complainant set up as a defence in the suit at law, the same matters which he relies upon as the ground of relief here, is no bar to his claim for relief, for those matters were ground for equitable relief only, and were not ground of legal defence.

The motion to dissolve will be denied with costs.