Brick v. Burr.

PATIENCE BRICK et al.

*v.*

FRANK I. BURR et al.

1. The facts necessary to establish fraud as the ground for an injunction should be clearly stated and verified.

2. To secure the interference of equity against the enforcement of a judgment at law, it will not suffice that injustice has been done by the judgment; it must appear that the party has an equitable defence of which he could not avail himself at law, or had a good defence at law of which he was ignorant at the time of trial, or which he was prevented from availing himself of by the fraud or artifice of his adversary, or by fraud or accident unmixed with negligence of himself or agents, or that the same is a matter of pure equity cognizance.

3. If the ground alleged was in fact litigated in the court of law, and the question was within the jurisdiction of the tribunal, equity will not interfere.

4. The determination of the tribunal, specified in the act concerning landlords and tenants, is, with the exception named in the statute, conclusive between the parties on all questions within its jurisdiction, which were litigated and decided, or which might have been litigated but for the neglect of the party.

On an order to show cause why an injunction should not issue to restrain the execution of a warrant of removal, under the act concerning landlords and tenants.

*Mr. J. J. Crandall,* for the complainants.

*Mr. Alfred Hugg,* for the defendants.

GREEN, V. C.

This suit is brought under the act to quiet the title to real estate. *Rev. p. 1189.* As incidental to the relief prayed for, it also seeks to restrain the defendants from executing a warrant, issued in summary proceedings under the act concerning landlords and tenants (*Rev. p. 573*), to dispossess the complainant Patience Brick from certain premises in Gloucester City, Camden county.

The bill alleges that the complainants are in peaceable possession of the premises in question; that the same belonged to John H. Brick, the husband and father of complainants, from whom the same descended to them; that John H. Brick derived his title from his father, and that the family has been in continuous possession, as owners in fee simple, from June 25th, 1859, to the present time.

The allegations as to the proceedings under the Landlord and Tenant act are not full or specific, but do charge that an affidavit was filed by Frank I. Burr, one of the defendants, before James M. Cassady, Esq., one of the justices of the peace for the county of Camden, and that " by it landlord and tenant proceedings were instituted against the complainant Patience Brick for dispossession, for the non-payment of rent for a part of the premises " involved in this suit; that such proceedings were instituted by Burr, as landlord, against the complainant Patience Brick, as his tenant, and such proceedings were thereupon had that a judgment of removal was rendered by the justice, who issued his warrant and placed it in the hands of the constable, the defendant Hunt, for execution.

Brick *v.* Burr.

The bill alleges that these proceedings were a tissue of fraud; that Burr claimed to have made a verbal lease of the premises to the complainant Patience Brick, September 5th, 1879, at a certain rental, and that a certain sum was due upon that lease; that Patience Brick never did rent the premises in question from Burr, but did, in 1868 or 1869, rent from him, by verbal lease, another parcel of ground some two squares distant, which she occupied until 1879, and then surrendered; that by fraud the premises in question were inserted in the proceedings before the justice as covered by the said verbal lease, and were included in the writ of possession.

The only ground for the interposition of this court to stay the execution of the warrant, is the fraud, alleged to have been practiced in the proceedings, of substituting the premises involved in this suit for those which were really the subject of a lease made many years ago. It does not appear how this substitution was effected, or at what stage, whether in the original affidavit, or during the trial by the evidence.

The facts necessary to establish this contention should have been clearly stated and verified, to authorize the court to interfere by injunction. *Holdredge* v. *Gwynne, 3 C. E. Gr. 26.*

Independent of this consideration, however, the bill does not bring the case within the rules governing the granting of an injunction to stay proceedings on a judgment at law. To secure the interference of equity, it will not suffice to show that injustice has been done by the judgment against which relief is sought; it must appear that the party has an equitable defence of which he could not avail himself at law, or had a good defence at law of which he was ignorant until after the time for making defence at law had passed, or that he was prevented from making his defence by fraud or artifice of his adversary, or by fraud, accident or mistake unmixed with any negligence of his own, or that his ground of interference is a matter of pure equity cognizance. *Mechanics Nat. Bank* v. *Burnet Mfg. Co., 6 Stew. Eq. 486; Bateman* v. *Willoe, 1 Sch. & L. 202; Powers* v. *Butler, 3 Gr. Ch. 471; Quackenbush* v. *Van Riper, Sax. 476;*

*Reeves* v. *Cooper*, 1 *Beas.* 223 ; *Kinney* v. *Ogden*, 2 *Gr. Ch.* 168;- *Knox Co.* v. *Harshman*, 133 *U. S.* 152.

If the point was litigated in the court of law and was within its jurisdiction, equity will not interfere. *Vaughn* v. *Johnson*, 1 *Stock.* 173; *Phillips* v. *Pullen*, 18 *Stew. Eq.* 5; *S. C.*, 18 *Stew. Eq.* 831; *Simpson* v. *Hart*, 1 *Johns. Ch.* 98.

The legislature has made provision for summary proceedings to dispossess a tenant whose occupancy comes within the conditions mentioned in the statute. It has committed this power to justices of the peace where no district court is established. It has defined the jurisdiction and prescribed the proceedings of the tribunal thus created. It provides that the proceedings may be removed into and tried in the circuit court, but those before the justice or district judge shall not be appealed from, or removed' by *certiorari*. Whether jurisdiction has attached may be examined into by the supreme court, and the landlord remains liable to an action of trespass for any unlawful proceedings under the act. With this exception, the determinations of this tribunal are as conclusive and have the same force as the judgments of other courts.

If the claim made by the bill is true, the relation of landlord and tenant did not exist, with reference to the property in question, between the complainant Patience Brick and the defendant Burr, and this could have been proved in the tribunal below by the same evidence which would be required in this court. By the fourteenth section of the act (*Rev. p.* 573), it is made necessary for the claimant, if required by the defendant, to prove to the satisfaction of the justice, or of the jury, if there be a trial by jury, the facts which, according to the eleventh section of the act, authorize the removal of the tenant. The eleventh section, as amended (*Rev. p.* 546), bases the whole proceeding on the foundation fact, that the relation of landlord and tenant exists between the claimant and defendant with reference to the property. That question was therefore within the jurisdiction of the tribunal.

The bill does not state whether the alleged fraudulent substitution of the properties, which would disprove the existence of

Murch *v.* Smith Manuf. Co.

such relation, was brought to the attention of the tribunal or not. The complainant Patience Brick, however, must have known then, as well as now, what property she rented, and she makes no allegation that she did not; she does not charge that she was prevented by the fraud or deception of the defendants from interposing such defence, or that it was omitted from accident or mistake unconnected with her own neglect; nor does it appear that she was prevented by any technical rule of law, not applicable in equity. If she availed herself of her statutory right, the claimant Burr must have been required to prove the relationship of landlord and tenant between them with reference to the premises in question, involving the very point here raised, to the satisfaction of the justice, or the jury, if there was one. If she did not require it, she has slept upon her rights. It must either have been actually litigated, or it was not litigated because of the neglect of the complainant. In either event, under all the decisions, the complainants are not entitled to an injunction, and the rule to show cause should be discharged.