FRANK WOOLSEY et al.

*v.*

VIRGINIA M. WOOLSEY et al.

[Decided June 22d, 1906.]

The matters involved in this suit are *res adjudicata*, and this court is bound by the decree of the court of errors and appeals in *Woolsey's Case, 68 N. J. Eq. (2 Robb.) 763.*

On final hearing on bill, answer and proofs.

*Messrs. Carrick & Wortendyke, Mr. James Buchanan* and *Mr. Robert H. McCarter,* attorney-general, for the complainants.

*Messrs. Crouse & Perkins* and *Mr. Richard V. Lindabury,* for the defendants.

BERGEN, V. C.

The complainants seek to restrain the enforcement of a decree of the orphans court of the county of Hudson, entered in compliance with the mandate of the court of errors and appeals on exceptions to the account of the complainants as executors of the last will of Charles A. Woolsey, deceased.

The foundation of the prayer for relief is that the only question raised by the record in the accounting proceedings was whether the payments for which allowances were asked had been actually made to the persons named, and that no issue was presented by the record upon which the appellate court could properly rest a finding refusing the application of such payments towards the discharge of the principal of certain legacies.

The bill charges that, although the money was really paid to the same parties now claiming it, credit was refused complainants for $27,016.85 so paid, because, in the judgment of the

39

court of errors and appeals, such payments ought not to have been made on account of annuities until legacies amounting to $15,000 and a trust fund of $20,000 had been provided for; that complainants, as such accountants, are decreed individually responsible for this large sum under the rule laid down in *Appleton* v. *American Malting Co., 65 N. J. Eq. (20 Dick.) 375,* by which payments of income, made to and unwittingly received as such by a beneficiary, cannot be charged against the principal of a fund from which it is falsely represented it arises, and they insist that the question whether the legatees were induced to exhaust their principal "by the mistaken or fraudulent representation of those to whom he had entrusted it that what has been paid is income" was not before the court, and that so much of the decree as adjudges that the payments made by the complainants are not applicable to the principal has no record to support it, because no such issue was presented for adjudication; that the only issue was payment or non-payment, and that the application of the payments was adjudged without record or hearing.

They also claim, and have undertaken to show in this cause, that all payments for which credit is denied were made upon an agreement with the legatees that they were to be charged to principal in default of sufficient estate to satisfy annuities and principal, and that there was no misrepresentation as to the character of the payment, but assert that no evidence was offered on the hearing in the orphans court on this matter because the issue as framed did not permit it.

The complainants further insist that the will justified them in holding testator's investments in the paint company as a security for the $20,000 trust, and that it was sufficiently set apart to warrant them in so considering it, and thereupon to pay the life tenant annuities, which they did to the extent of $7,499.72, and that the refusal to allow a credit to them for that sum because they had not set apart the trust fund, without a hearing on the question of their right under the will to hold the investments in the company as security for the trust, deprives them of their property without due process of law. The defendants have answered without questioning the propriety of

the method pursued, and much testimony has been taken, but under the view I take of this case it is only necessary to refer to the items in the account which are subject to the present consideration of the court. By the decree the accountants are charged with $27,016.85, the sum of the items for which credit was refused, and also with the balance, which the executors admitted they had in hand, of $5,986.85, a total of $33,003.60 with which to satisfy the trust of $20,000, and also $10,950 balances due on legacies, making a total of $30,950, and leaving a surplus of $2,153.60, which complainants say is properly payable on account of annuities, and having once paid it to these defendants on that account, it is inequitable to require them to pay it again. This, I think, fairly states the complainants' position.

Considerable testimony was taken with regard to the conduct of the company, the increase of salaries of the officers, and charges of mismanagement made and denied, but I have not considered these matters, because no objection was made to the charging part of the account, and certainly those matters were not within the issue on the former hearing, and unexplained charges made without giving parties a chance to be heard in denial could not have influenced the court.

I am satisfied, from the evidence in this cause, that if the decree assailed is *res judicata* as to all the questions raised by the complainants, they will be unfairly deprived of their property, but this situation arises, in my opinion, because they misunderstood the issue, or, if not, negligently omitted to offer the evidence at hand which they now claim would have produced a different result; but in either case this court cannot, and ought not to, interfere in the absence of any charge of fraud or of corrupt practices. But the complainants insist that the result reached was not warranted by the issues shown in the record sent up by the orphans court.

What appears in the record is that the complainants presented their account in the orphans court, to which exceptions were filed, and as the exceptions are alike in all cases affecting the question now being considered, I will quote but one, which reads as follows:

"That the sum of $14,832.82, claimed to have been paid by said executors, to December 31st, 1902, to Mrs. V. M. Woolsey, on annuity account, was not in fact paid by said executors, and said item is improperly credited to said executors, and allowance thereof should not be made."

The purpose of such an account as is now under consideration is to ascertain what estate hath come to the hands of the executor, what disbursements have been properly made, and to determine the balance in hand to answer the bequests of the testator, and it seems to me indisputable that an exception which charges that an item for which credit is claimed was not in fact paid properly raises the question of the legality of the payment, for if not legal it is no payment for which an allowance should be given. Manifestly the exception above stated requires the accountant to show, not that the money was passed over to another, but that it was a lawful payment, or a payment for which he should have a credit in the account he offers.

In this case the court of last resort has adjudged what credits should be allowed and decreed the balance in hand for distribution under the will, and I am unable to discover any reason, nor have I the knowledge of any rule of law, which would support the theory that the settlement of charges and disbursements and the ascertainment of the balance for which an executor should account, under the circumstances present in this cause, is not a final adjudication of the questions. The decree does not undertake to distribute the fund. It merely fixes the balance to be accounted for, and if the manner of distribution was not within the record, and was not lawfully passed upon, and is not *res judicata,* the very questions raised here can be more effectively presented on the application for a decree for distribution, or offered as a defence when the parties who are entitled to the balance found by the decree attempt to enforce their claims. The balance in hand need only be paid to those lawfully entitled to it. If the question of the application of the payments to the legatees is not *res judicata* here, it would not be subject to that objection in another forum, but if the question has been settled by the highest court in the state, it is a closed door in all our state courts.

The ascertainment of the balance for which an executor should account to legatees does not usually settle the question of payment to legatees or distributees. Whatever they may have had on that account is a credit, to which the executor would be entitled on a settlement between the parties.

Under the view I take of this cause, no equitable ground for interfering with the decree is. presented, and the bill of complaint should be dismissed.