DENIS GALLAGHER, complainant-respondent,

*v.*

LEMBECK & BETZ EAGLE BREWING COMPANY, defendant-appellant.

[Argued March 20th, 1916.  Decided June 19th, 1916.]

1. Even though the defence to a promissory note be good at law, yet if it was given in effect as security for the performance by the maker of an agreement with the payee, and with the agreement that in case of such performance it should be returned, the maker having performed his agreement is entitled to maintain a bill in equity to enjoin suit on the note at law and to require its redelivery to him.

2. If the defence to a note be purely equitable and fail at law because not cognizable in the law court, such result will not bar a court of equity in affording appropriate relief by enjoining the collection of the judgment at law.

3. In the latter case the complainant, defendant-at-law, may resort to equity without testing the ruling of the law court by appeal.

4. The facts in this bill *Held* to present a case for equitable cognizance similar to *O'Brien* v. *Brewing Co.,* 69 N. J. Eq. 117.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Lewis.

*Mr. D. Eugene Blankenhorn,* for the appellant.

*Mr. Raymond Dawson,* for the respondent.

The opinion of the court was delivered by

PARKER, J.

The appeal is from the denial of a motion to strike out the bill of complaint praying an injunction against the enforcement of a judgment at law. The grounds for the motion that are urged in this court are—*first*, that complainant's defence to the law action was maintainable only at law; *second*, that complainant had an adequate remedy at law by appeal from the judgment; *third*, election to submit to the jurisdiction of the law court; *fourth*, laches; *fifth, res judicata; sixth*, general want of equity.

The action at law was on the renewal of what is commonly called a brewery note, which accompanied a chattel mortgage on saloon property and fixtures. The facts alleged in the bill are that complainant was, in 1893, a well-known and successful saloonkeeper, and that the defendant company, wishing to have a saloon opened at a specified corner in Jersey City for the exclusive sale of their malt products, agreed with complainant in that year, after negotiation, that if he would take charge of the saloon and conduct the business at that place, they would supply the funds to fit out and furnish the saloon; that on reaching this agreement the defendant took a five-year lease of the premises with renewal privilege, and paid the sum of $16,-000 for furniture and fixtures bearing their trade mark. The saloon was opened with complainant in charge as proprietor, and he so continued until May 1st, 1909, when the lease was not renewed because of the sale and demolition of the building. Up to the last year the lease stood in the name of defendant.

The bill further shows that defendant, shortly after fitting out the saloon, claimed that complainant, in view of his profitable business, should bear a part of the initial expense, and, after argument, he agreed to pay $4,000 of this, and did so. That afterwards controlling officers of the company

"represented to your orator that in order to have its books appear correct, and in order to secure the sale by your orator of the beers, ales, &c., of the said Lembeck & Betz Eagle Brewing Company, your orator should give to him some sort of agreement or paper which would assure

to said Lembeck & Betz Eagle Brewing Company the sale by your orator of its products during the time your orator carried on his business in said premises, and suggested to your orator that he should give to it a promissory note for $12,000, being equal to the expense of said Lembeck & Betz Eagle Brewing Company in the fixtures or furnishing of said premises, representing to your orator at the time that said note would not be presented for payment nor discounted, and no attempt would be made to collect the same, and he would never be called upon to pay it if your orator sold the products of said Lembeck & Betz Eagle Brewing Company in said premises aforesaid, during the time he continued business therein, and upon the discontinuance of your orator of business therein and return to said Lembeck & Betz Eagle Brewing Company of the fixtures and furnishings installed in said premises, said note would be destroyed and cancelled as though never made.

"Your orator further shows that relying on the representations of said Lembeck & Betz Eagle Brewing Company so made as aforesaid, your orator, induced thereby, signed a promissory note for the sum of twelve thousand dollars ($12,000), payable on demand and dated about July, 1895, to the said Lembeck & Betz Eagle Brewing Company, and handed the same over to it or its representatives."

The bill goes on to state that for sixteen years complainant continued to run the saloon and to sell the defendant's beer, &c., exclusively (the note being kept alive by renewals about every six years), and in every respect performed his part of the arrangement until compelled to vacate by the expiration of his tenancy as above; that he then returned the furnishings and fixtures to defendant, and demanded his note back, but that, instead, the defendant brought suit thereon in the circuit court, an answer setting up the above facts was struck out by the court, and judgment entered over it for the amount of the note and interest, on the ground that the facts constituted no defence at law.

The bill, which is duly supported by affidavit, prays a reformation of the note to express the contract between the parties, an injunction against proceeding on the judgment, a discovery, and vacation of the judgment and delivery and cancellation of the note.

We are of opinion that this bill, the statements of which for present purposes must be taken as true, makes out a complete case for equitable relief. It is very similar to the case of *O'Brien v. Paterson Brewing and Malting Co., 69 N. J. Eq. 117*, in which Vice-Chancellor Pitney awarded an injunction and decreed the

delivery of the note for cancellation. Whether the complainant may maintain a defence at law on these facts seems immaterial in view of the decisions. In *Metler* v. *Metler's Administrator, 19 N. J. Eq. 457*, a similar case, it was held that even though the defence was good at law, the complainants were entitled as against the payee to an injunction against enforcement of the note at law, and to a decree that it be delivered up. In *Headley* v. *Leavitt, 65 N. J. Eq. 748*, it was held that if the defence to the note be not good at law, the defendant at law may after judgment and without appeal of the judgment at law invoke the aid of a court of equity.

We see nothing in the ground of laches, or in any other ground assigned. The order sustaining the bill will be affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, TERHUNE, HEPPENHEIMER, WILLIAMS—12.

*For reversal*—None.