No averments are to be found in the counter-claim either touching complainant's status or the relief sought, which were not available as a defense to the note in the law court to the same extent as in a court of equity. Even should the averments of paragraphs 4 and 5, above quoted, be deemed adequate to charge complainant with a knowledge of the fraud alleged touching the execution of the note, such fraud was available as a defense in the law court. Duncan, Sherman Co. v. Gilbert,29 N.J. Law 521; Hamilton v. Vought, 34 N.J. Law 187; Haines v. MerrillTrust Co., 56 N.J. Law 312; Mueller v. Buch, 71 N.J. Law 486;Woolsey v. Woolsey, 72 N.J. Eq. 898, 903.
We are not here concerned with the right of a court of equity to restrain the prosecution of an action at law before judgment has been entered in the law court, upon a bill based upon equitable defenses equally available in both courts, since the counter-claim here in question was filed after judgment had been entered in the law court. In the latter situation, the principles on which a court of equity may afford relief, appear to be well defined.
In the absence of laches an equitable defense, which the law court could not entertain, may be made the basis of equitable relief, even after judgment in the action at law. Smalley v.Line Nelson, 28 N.J. Eq. 348; Hughes v. Nelson, 29 N.J. Eq. 547; Headley v. Leavitt, 65 N.J. Eq. 748; Atlantic City RailwayCo. v. Johanson, 72 N.J. Eq. 332. And when an equitable defense has been tendered and rejected by the law court relief may be entertained in equity *Page 495 
without first reviewing the action of the law court. Headley v.Leavitt, supra; Gallagher v. L. and B. Eagle Brewing Co.,86 N.J. Eq. 188. So may a court of equity restrain the prosecution of an action at law in order to reform an instrument or cause it to be surrendered and canceled. Metler's Admr., v. Metler,18 N.J. Eq. 270. Whether relief of that nature may be awarded after judgment at law need not be here considered, since the counter-claim seeks no such relief. Where a defense of accord and satisfaction has been made in law court, and has failed only by reason of incomplete satisfaction of the award, equity has relieved against the judgment. Headley v. Leavitt, supra.
Relief has also been afforded against a judgment where the facts on which the equitable defense is based were unknown to the defendant at the time of the trial in the law court, or the judgment was fraudulent procured. Mechanics National Bank v.Burnet Manufacturing Co., 33 N.J. Eq. 486. Also, it has been held, though questioned, that in a court of equity the rules of evidence are more liberal than in a law court in permitting proof of a parol contract made at the time that a written contract has been executed, and that view has been made the ground of relief against a judgment at law. O'Brien v. Paterson Brewing andMalting Co., 69 N.J. Eq. 117. But the counter-claim filed herein is wholly based on fraud in the execution of the note, and is sought to charge complainant, as holder of the note, with the consequences of that fraud; the claim is that by reason of that fraud no contract existed, and not that a different contract was made. In an inquiry of that nature the law tribunal in no way is restricted in its jurisdiction or procedure.
The general rule which has been uniformly recognized in this state touching bills to restrain the enforcement of a judgment at law is substantially as follows: "The court of chancery will not relieve against a judgment at law on the ground of its being contrary to equity, unless the defendant in the judgment was ignorant of the facts in question pending the suit, or the facts could not have been received as a defense, or unless he was prevented from availing himself of the defense *Page 496 
by fraud or accident, or the act of the opposite party, unmixed with negligence or fraud on his part; and that it matters not whether the defendant has presented to the law court the matter which he claims as the ground of his relief or through his negligence has failed to present it. Kinney v. Ogden, Admr.,3 N.J. Eq. 168; Reeves v. Cooper, 12 N.J. Eq. 223; Brick v.Burr, 47 N.J. Eq. 189; Woolsey v. Woolsey, 71 N.J. Eq. 609;affirmed, 72 N.J. Eq. 898; Clark v. Board of Education, 76 N.J. Eq. 326.
In the latter case the rule is summarized as follows: "Equity interferes with judgments at law only where there has been fraud, or mistake, or accident in procuring the judgment and where the legal remedies are inadequate." In Woolsey v.Woolsey, supra, Mr. Justice Swayze, speaking for the court of errors and appeals, defines the rule as follows: "Having thus, by acts of omission and commission, led to the result of which they complain, they ought not to be allowed to set it aside. To permit that would amount to permitting suitors to experiment with the court, and if defeated in one court to resort to another. The principle upon which courts of equity intervene by way of injunction to restrain judgments in courts of law are applicable to a suit to restrain the enforcement of a decree of the orphans court. Those principles are thus stated in Mechanics NationalBank v. Burnet Manufacturing Co., 33 N.J. Eq. [6 Stew.]486 [at p. 488], and affirmed on the vice-chancellor's opinion [35 N.J. Eq. — 8 Stew. 344]: `Courts of equity sometimes give relief against judgments at law, but only where it is shown that the defendant was ignorant of the facts on which his defense rests until after the time for making defense at law had passed, or that he was prevented from making defense by the artifice or fraud of his adversary, or by accident unmixed with negligence of fraud on his part, or that his defense is a matter of pure equity cognizance. But in cases where the grievance he attempts to urge is one that the court which pronounced the judgment is competent to hear and decide, and he has either urged it there unsuccessfully, or has negligently omitted to do so, this court can give no relief.' In Phillips v. *Page 497 Pullen, 45 N.J. Eq. [18 Stew.] 830, where a question of fraud was raised, this court said: `In so far as this contention rests upon fraud in the procurement of the written contract, it is no longer an open question. That was one of the issues directly involved in the suit at law. If true, there could have been no recovery. The thing to be proved and the quantum of proof do not differ in two jurisdictions,' and it was held to beres judicata that the agreement was not the product of fraud. In Ruckelschaus v. Oehme, 48 N.J. Eq. [3 Dick.] 436, [on appeal under the name of Borcherling v. Ruckelschaus,49 N.J. Eq. — 4 Dick. 340], the jurisdiction of chancery was sustained only because the court of law overruled the defense of equitable estoppel, and it was held that the defendant had the option either to test the accuracy of that ruling by a writ of error or to accept it as the law of the case and present his defense to the court of chancery as one not cognizable by a court of law. The learned vice-chancellor has said [48 N.J. Eq. — 3 Dick.445] that it was not for his adversary, on whose motion the defense at law had been excluded, to say that the ruling of the trial court was wrong and should have been tested by a writ of error. This court said that if he had taken a writ of error he would be undoubtedly estopped from litigating the same question anew in another court."
It should be here noted that the answer accompanying the counter-claim filed herein states: "Defendant Huizinga Hamilton is now seeking to open said judgment, praying leave to defend the same."
Gallagher v. L. and B. Eagle Brewing Co., 86 N.J. Eq. 188,
is relied upon in opposing the present motion. I am unable to discern in that case any departure from the rules theretofore defined by that court. In that case the law court had declined to entertain the defense presented. Following Headley v.Leavitt, there cited, it was held that equitable relief could be awarded without defendant first reviewing the ruling of the legal tribunal. Also, in that case, the bill sought the surrender of the note; following Metler v. Metler's Admr., there cited, that relief was held appropriate. *Page 498 
Also, that case, like O'Brien v. Paterson Brewing and MaltingCo., there cited, involved a claim of parol proofs to vary the terms of a written instrument. Here the claim is fraud in the procurement of the written instrument.
The motion to strike out the counter-claim will be granted.