METLER and wife, appellants, *vs.* METLER'S ADMINISTRATORS, respondents.

1. An action at law brought by the payees against the personal representatives of the maker of a negotiable note, valid upon its face, given without consideration, upon an agreement that it should be given up to the maker upon a contingency which has happened, will be perpetually enjoined, and the note ordered to be delivered up. Such relief would be given without the express agreement to deliver up the note.

2. A demurrer to a bill for discovery and relief cannot be sustained, if the complainant is entitled to the relief, though not to the discovery.

3. The husband being rightly joined, it is no objection to a bill for discovery of matters in which the wife only is interested, that the defendants are husband and wife.

4. *Handlong* v. *Barnes*, 1 *Vroom* 69, and *Bird* v. *Davis*, 1 *McCarter* 477, approved.

5. A husband about to leave this state, and who had separated from and refused to support his wife, gave his note, upon the agreement that it should be re-delivered to him if he returned alive. *Held*—that such agreement was not contrary to public policy, though made with intent to deprive his wife of all interest in his estate in case he died before his return.

6. The weight of authority is, that in bills for discovery it is not necessary to allege that the facts, a discovery of which is sought, are within the exclusive knowledge of the defendant.

The opinion of the Chancellor is reported in 3 *C. E. Green*, 272.

*Mr. Shipman*, for appellants.

*Mr. Dumont* and *Mr. Ransom*, for respondents.

The opinion of the court was delivered by

DALRIMPLE, J.

The bill in this case, is for discovery in aid of a defence to an action at law, and for relief. The relief sought is a perpetual injunction, restraining the defendants from prosecuting the suit at law, and for a decree that the note upon which

the action at law is founded, be delivered up to the complainants. The defendants have filed a general demurrer, and assign as special cause of demurrer, that the defendants, being husband and wife, cannot be compelled to make discovery of facts which may be used against each other.

The allegations of the bill, so far as now necessary to be stated, are, that the complainants are administrators of one Charles W. Metler, deceased, late of the county of Warren, in this state; that the deceased was married to Charity A. Metler in the year 1862; that he ill-treated and neglected his wife and his child, the issue of the marriage, and refused to provide for and support his wife, and separated from her and took away with him the child; that in March, 1865, when about leaving the state, he made the note in question and delivered it to his mother, Delilah Metler, without consideration, and on the agreement that it should be re-delivered to him if he returned alive; that he did live to return, and met an unexpected death shortly afterwards; that at the time of his death the note remained in the hands of his mother, who, for some time then past, had been living separate and apart from her husband, Orison Metler; and that Delilah Metler afterwards, without the knowledge or consent of her husband, commenced an action at law, in the name of herself and husband, against the complainants, the administrators of her son, to recover the amount of said note.

It is objected in the first place, that the complainants are not entitled to the relief sought, because they have a complete defence at law. It is true that the note, having been given without consideration, cannot be recovered upon at law. So far forth as the suit now pending on the note is concerned, the defendants have a defence without the aid of this court. But the note was given on the understanding that in case the deceased returned to this state alive it should be given up. He did return alive. The defendants, in this suit, now refuse to fulfill the agreement on which they became possessed of the note; but on the contrary are, in violation of good faith and fair dealing, endeavoring, by

means of the suit at law, to recover of the personal representatives of the deceased, the amount of the note to which they are neither in law nor equity entitled. Besides, the defendants could, though defeated in the action at law now pending, put the note which is negotiable, in circulation, and compel the complainants to defend themselves against it as best they might. They could also, if they saw fit, discontinue the present suit, and at some time hereafter, when it might be impracticable to establish the facts which render the note invalid, or perhaps in a foreign jurisdiction, bring another action against the heirs or personal representatives of the deceased.

We have, then, the following facts: A negotiable note, valid upon its face, given without consideration upon an agreement that it shall be given up to the maker upon a contingency, which has happened, and an action at law brought upon such note by the payees, against the personal representatives of the maker. It seems to me apparent upon the statement of these facts, that the only jurisdiction competent to afford full and adequate relief, is a court of equity. The maker or his personal representatives sued upon such note, are entitled not only to a decree perpetually enjoining the plaintiffs at law from proceeding in their action, but further, that the note be delivered up. The complainants would be entitled to such a decree if there were no express agreement that the note should be delivered up on the return of the deceased to this state, alive. Such is the weight of authority, as I think clearly appears by the cases cited by the Chancellor in his opinion in this case. It is not now necessary to repeat those citations. The agreement to deliver up the note, strengthens the complainants' equity.

It being settled that the complainants are entitled to relief, the demurrer must be overruled, even though the discovery be denied. A demurrer to a bill for discovery and relief cannot be sustained, if the complainant is entitled to the relief, though not to the discovery. If the complainant shows himself in any wise entitled to the aid of the court, a demurrer to the whole bill is obviously improper. A defend-

ant may plead, demur, and answer, to different parts of the same bill.

But I think the complainants in this case are entitled to discovery, as well as relief. The only objection urged against the discovery is, that the defendants are husband and wife. It is insisted, that the wife cannot be compelled to make discovery against the husband, nor the husband against the wife. The question here, is not whether the answer of the wife can be used as evidence against the husband, or the answer of the husband against the wife. The bill is properly filed against husband and wife, and, by well settled equity practice, they are obliged to answer. If they answer jointly, it may be that the answer will stand as that of the husband alone. If they sever and answer separately, it may be that the answer of the one cannot be used against the other. 1 Smith's Chan. Prac. 253.

These are, however, not the questions now to be settled. It is sufficient to say that the defendants are properly brought into court, and are bound, according to the practice of the court, to answer the bill filed against them. It will be perceived that this result is reached without calling in the aid of the act of March 18th, 1859. Nix. Dig. 1044, § 34. The principle adjudicated in the case of Handlong v. Barnes, 1 Vroom 69, afterwards re-affirmed in the case of Bird v. Davis, 1 McCarter 477, in the Court of Chancery, are left unquestioned, and it may not be improper to add, are by this court deemed sound.

It is also urged, that the agreement upon which the note is given is contrary to public policy, and therefore void, in that the object was to defraud the wife of her right to alimony and separate maintenance, and that the complainants, who are merely the representatives of the deceased, cannot set up his illegal contract as a ground of equity. If the transaction out of which the note grew was fraudulent or contrary to sound public policy, a court of equity will leave the parties where it finds them, and afford aid to neither. But this objection does not properly belong to the defendants. It is

one, which may be taken by this court for the benefit of the public, rather than by defendants, who are equally guilty with the other party. It is well settled, however, that the court cannot disregard the objection, though brought to its notice by one who acknowledges himself a fraud-doer, and in whose mouth, in the words of Lord Mansfield, the objection at all times sound very ill. *Fry on Spec. Perf.*, § 309.

The complainants here, occupy no better position than the deceased would, were he the complainant. They represent him and succeed only to his rights. The allegations of the bill, fairly considered, I think show only that the agreement was, that the note should be used in case the deceased did not return to this state, alive. He endeavored in this mode to make a testamentary disposition of his property. He may, actuated by bad motives, have attempted, by means of the note, to deprive his wife and child of all interest in his estate, in case of his death before his return to this state. If this be so, there was not in the transaction, any legal fraud.

The law gave him the right to dispose of his property to such persons as he saw fit to make the objects of his bounty. He desired to cut off his wife and child; he failed to accomplish his object, because the means used were in law, ineffectual. A will, made with the same intent, would have been clearly legal. If it had appeared that the husband made the note after he had separated from his wife, and refused to support her, with intent to prevent her obtaining alimony and separate support, the question presented would have been different, and its decision, perhaps, controlled by different considerations.

Another ground of demurrer insisted on is, that there is no allegation in the bill that the facts, a discovery of which is sought, are within the exclusive knowledge of the defendants. It is a sufficient answer to to this objection to say, that this is not a bill for discovery merely. As a general rule, when a complainant is entitled to relief, he is also entitled to a discovery of the facts upon which his right to relief is based. This principle is too familiar to need the

2Q*

citation of authorities in its support. Besides, I am not prepared to admit that the rule, in cases of bills for discovery, is as claimed by the counsel of defendants. The decided weight of authority is the other way.

The decree of the Chancellor must be in all things affirmed, with costs.

The decree was affirmed by the following vote :

*For affirmance*—BEASLEY, C. J., BEDLE, DALRIMPLE, DEPUE, ELMER, FORD, OGDEN, VAIL, VREDENBUGH, WALES, WOODHULL. 11.

*For reversal*—KENNEDY.