EUGENE CICCARELLI

*v.*

FREDERICKA HOFMANN, administratrix, &c.

[Submitted January 6th, 1919.   Decided January 9th, 1919.]

1. Where the single issue tendered by a bill is whether notes sued on at law are without consideration, that issue is triable at law, and this court will not interfere by injunction to restrain the suit at law on the notes.

2. On a motion to strike out a bill for want of equity, the court can consider only what appears on the face of the bill.

On motion to strike out bill.

*Mr. George Frankenstein* and *Mr. Maximilian T. Rosenberg,* for the motion.

*Mr. Alberico O. Ciccarelli* and *Mr. Leon Abbett,* for the complainant.

BACKES, V. C.

Motion is made to strike out the bill of complaint for want of equity, and equity cognizance.

The bill is filed by the complainant in his individual capacity, in which he sets up that he is a stockholder, director and vice-president of the Phelan Engineering and Construction Company, a corporation of this state; that Albert Hofmann, the defendant decedent, was also a stockholder, director and officer of said company and had charge of its financial affairs and of its office in Hoboken; that the complainant was in charge of the company's works in Syracuse; that to raise funds for the company Hofmann caused the company to issue its promissory notes, signed by the complainant as its vice-president and endorsed by him, individually, and by one Thomas F. Carey and Hofmann

and discounted at various banks by Hofmann, the proceeds of which he, in part, appropriated to his own use; that renewal notes were issued, endorsed and discounted from time to time, Hofmann transacting the business; that Hofmann received the income of the company; that with the funds of the company Hofmann paid, or should have paid, some of the promissory notes of the company, endorsed by the complainant, "and some other obligations of the company, for which complainant had assumed personal liability," but what the funds amounted to, or what amounts were paid on said notes and other obligations, complainant is unable to state; that in April or May, 1917, complainant executed and delivered to Hofmann the company's twenty-four blank form promissory notes, signed by him as vice-president and bearing his individual endorsement, to enable Hofmann to more conveniently renew the company's notes then falling due from time to time; that Hofmann died in 1917, and his administratrix, the defendant, brought an action against the complainant impleaded with the company and Carey to recover on twenty-three promissory notes of the company, endorsed by the complainant and the said Carey, aggregating in amount $53,-958.22; that these notes are some of the twenty-four notes of the company, endorsed by the complainant and issued and delivered to Hofmann in blank; that Hofmann diverted the said notes from the purpose and use for which they were signed and endorsed; that he filled in and altered them after the complainant had endorsed them; that no consideration passed from Hofmann to the complainant for the complainant's endorsement and that his endorsement was obtained by the misrepresentations of Hofmann that the notes were to be used in renewal of outstanding and maturing notes of the company endorsed by the complainant, which the complainant believed and relied upon; that the company is not indebted to Hofmann or his estate in the amount of said notes and that there was no consideration for said notes; that the action at law was sent to a referee, who is now hearing the cause. The prayers are (1) that the defendant administratrix may answer; (2) that she may discover all promissory notes of the company, endorsed by the complainant, in her possession or of which she may have knowledge; (3) that

the twenty-three notes in suit at law may be delivered up for cancellation; (4) that the action at law may be perpetually enjoined, and (5) that the defendant administratrix account for all moneys that came to the hands of Hofmann as the proceeds of notes of the company upon which the complainant was endorser.

The single issue tendered by this bill as framed is whether the notes sued on are without consideration and that question is obviously triable at law. If this bill were filed by the company or upon its refusal by the complainant in behalf of the company for a general accounting of Hofmann's stewardship and therein involve the notes as a part of the dealings between the principal and agent; or if the bill were one by the complainant individually to compel Hofmann's estate to account for the funds of the company which came to his hands to be applied to the payment of the company's notes, upon which the complainant is secondarily liable and to have, upon an accounting, the amount found due so applied, in relief of the complainant's liability, as surety, a case would have been made justifying this court in intervening, but the bill in nowise counts on any such equities. The statement that Hofmann had funds of the company with which he paid, or should have paid, notes endorsed by the complainant and other obligations of the company, personally assumed by the complainant, and that he was ignorant of the amounts received and paid out, and the prayers for a discovery of the notes of the company, upon which the complainant is still endorser, and for an accounting of the proceeds of notes so endorsed by him, disclose no equitable defences to the notes involved in the action at law nor any equitable grounds for this court to interfere. In disposing of the motion, I am strictly confined to what appears upon the face of the bill. If matters disclosed by the affidavits and statements of counsel, upon the motion for a temporary injunction, were incorporated in the bill, the bill might be retained on the ground that the accounts between the parties are too complicated to be fully and properly tried at law (*Cranford* v. *Watters, 61 N. J. Eq. 284*), or on the ground that relief at law was not adequate, in that the complainant is entitled to have the notes surrendered and canceled,

which the law courts cannot compel. *Metler* v. *Meller, 18 N. J. Eq. 270; Smith* v. *Smith, 30 N. J. Eq. 564; Chase* v. *Chase, 50 N. J. Eq. 143.* As already stated, the defence to the notes is —so far as is shown by the bill—that they were issued in blank and delivered to Hofmann, the defendant's decedent, for a specific purpose and as to him and the defendant, as his repre-sentative, are without consideration. A single legal defence, the truth of which the law court can conveniently decide, and with the same facilities as this court possesses, especially as the cause is before a referee and not a jury. *Chase* v. *Chase, supra.*

The bill will be dismissed, with costs, but without other prejudice.