The bill seeks the restraint of an action at law upon a promissory note made by complainant to the defendant National Light and Electric Company and now in the possession of the defendant Hirsch, and the cancellation and delivery to complainant of the note in question.
The cause is now before the court upon the return of an order to show cause why the injunction prayed should not issue, and upon a motion to strike the bill.
The factual situation, as stated in complainant's affidavit, is as follows: On October 23d 1929, complainant was president of National Light and Electric Company and Hirsch was secretary thereof. Complainant borrowed $10,000 from the company and made and delivered to it the note in question, payable in four months. Before the note became due, complainant's salary was increased, and during the year 1930, the sum of $10,000 was deducted from his salary in payment of the note. The note was delivered to complainant and *Page 226 
placed by him in a drawer in the office of the company containing his personal papers. Sometime in 1934, Hirsch told complainant he had taken the note out of the drawer; that it was unpaid, but that he would consider a settlement for its return to complainant.
The defendant Hirsch, in his affidavit, denies that the note was ever paid; denies that complainant ever had possession of it, and alleges that the note was assigned to him and that there is now due thereon $5,000 with interest from October 23d 1929.
Complainant cites a long line of authorities which support the proposition that a court of equity will order the cancellation of an instrument the execution of which was obtained by fraud. It does not appear, however, that the execution of this note was obtained by fraud. While there is no doubt as to the power of a court of equity to order the cancellation of an instrument obtained by fraud, and to restrain a suit at law on such instrument, it should not be forgotten that "the exercise of this power rests in the sound discretion of the court, and is regulated by the circumstances of each particular case." Chancellor Williamson, in Cornish v. Bryan, 10 N.J. Eq. 146,
quoting from Hamilton v. Cummings, 1 J.C.R. 517.
An examination of the cases cited by complainant will reveal a number of decisions which, on the surface, might seem conflicting, but which merely serve to emphasize the foregoing rule, namely, that upon the circumstances of each particular case must depend the result.
In Smith v. Smith's Administrator, 30 N.J. Eq. 565, the court restrained the prosecution of suits at law on certain promissory notes, deeming the surrender of the instruments essential to full relief. It appeared that the defendant in the law actions was biased in favor of the plaintiffs and against the complainants, the latter being heirs of the intestate of whose estate the defendant was administrator.
In New York Life Insurance Co. v. Steinman, 103 N.J. Eq. 403,
it was said by Vice-Chancellor Leaming that "the existence of a complete defense, based on fraud, in a court of law, falls short of and does not ordinarily constitute such *Page 227 
an adequate remedy for the defendant as should impel a court of equity to refuse to entertain a bill filed by the defrauded party for the cancellation and surrender of the contract, since the opportunity to make that defense may be lost, or the ability to make it may be weakened, by the studied delay of the other party, and a mere defense at law does not embrace the relief of cancellation or surrender."
On the other hand, the same distinguished vice-chancellor, inCommercial National Trust and Savings Bank v. Hamilton,99 N.J. Eq. 492, which was a discovery action in aid of an execution, struck out a counter-claim which sought to enjoin the enforcement of the execution on the ground that the note which was the basis of the judgment was obtained by fraud. The counter-claim was stricken on the ground that the defense of fraud in the inception of the instrument was available at law.
In Metler's Adm'rs v. Metler, 18 N.J. Eq. 270; affirmed,19 N.J. Eq. 457, the court restrained the prosecution of a suit at law on a promissory note. The court considered that the defendant (plaintiff at law) might discontinue the pending suit and sue again at some later time when the proofs of the defense at law might not be available; and that he might, if nonsuited in the pending action at law, put the note in circulation "and compel the complainants to defend themselves against it as best they might."
In Chase's Ex'r v. Chase, 50 N.J. Eq. 143, the court dissolved, on motion, an injunction to restrain a suit at law on a bond, on the ground that the defense at law was adequate and complete. And in Ciccarelli v. Hoffmann, 90 N.J. Eq. 94,
there was a dismissal, for want of equity, of a bill seeking the perpetual restraint of suits at law on promissory notes and the delivery of the notes for cancellation. The sole issue was whether the notes were without consideration, a question which Vice-Chancellor Backes concluded could conveniently be decided at law, and for the determination of which there was no need for the intervention of a court of equity.
The cases just discussed are ample authority for the dismissal of the bill of complaint. The defense urged is available in the law court; of that there can be no question. And *Page 228 
complainant cannot possibly suffer by the refusal of this court to grant the relief he seeks. The note is not only past due (which prevents a transfer into the hands of another for the purpose of avoiding defenses available against the payee); it is now more than six years old, so that unless the law suit now pending is prosecuted to a successful conclusion, the statute of limitations will constitute an effective bar to any subsequent action. It follows that the delivery of the note for cancellation is not essential to complete relief.
There being no necessity for the interposition of chancery, the order to show cause will be discharged and the bill will be dismissed. *Page 229