COMMERCIAL NATIONAL, &C., BANK, OF LOS ANGELES,
complainant-respondent,

*v.*

HUYZINGA HAMILTON et al., defendants-appellants.

[Submitted February term, 1927.   Decided May 16th, 1927.]

1. In this case, the affidavit attached to the bill of complaint for discovery contains sufficient legal proof to make a *prima facie* case to support the order for discovery and the specific restraint therein, under the Chancery act.   *1 Comp. Stat. of N. J. p. 437* §§ *71, 72, 73.*

2. In such a case notice is not necessary before the order is made "due process of law" is not violated without notice, unless required by the statute.

3. A fact contained in a public record may be testified to as evidential by one who has examined the record by force of section 72 of Chancery act.

---

On appeal from an order of the court of chancery advised by Vice-Chancellor Leaming, whose opinion is reported in *99 N. J. Eq. 492.*

Mr. *J. Roy Oliver* and Mr. *Louis H. Miller,* for the appellant.

Mr. *Frank R. Bacon* and Mr. *Walter H. Bacon,* for the respondent.

The opinion of the court was delivered by

BLACK, J.

This is an appeal from the court of chancery, in which an order for discovery and restraint was advised by Vice-Chancellor Leaming on a bill for discovery and in aid of an execution, under sections 71, 72 and 73 of the Chancery act. *1 Comp. Stat. of N. J. p. 437.*

The order is attacked—

*First.* On the ground that the proofs are not sufficient to justify the order.

*Second.* The order was allowed without due process of law, *i. e.,* without notice to the defendant.

In support of the first point, the cases of *Barr* v. *Voorhees, 55 N. J. Eq. 561,* and *Githens* v. *Mount, 64 N. J. Law 166,* are cited. These cases are not in point. In the first case, Mr. Justice Collins, speaking for this court, said, the prohibition under the statute cannot be general, "but must be directed to a specific debt or trust pointed out in the bill and proved by oath to exist." The order in this case restrains Norman Thompson "from conveying, paying or transferring to the said defendant, &c., any portion of the property, money or things in action due from him to, or held in trust by him, for the said defendant," &c. The affidavit attached to the bill of complaint recites that Norman Thompson stated to the affiant that the defendant "has no property in his name, and any negotiations for settlement would have to be made by him, the said Norman Thompson." This in connection with the further statement of the affiant in the affidavit, that he had searched the clerk's office of Cumberland county for conveyances, and there he found, the record shows, that on November 11th, 1925, Huyzinga Hamilton and Mary D., his wife, executed a deed to Norman Thompson for one dollar ($1) consideration, the property described in the complainant's bill of complaint. This was legal evidence of that fact, by force of section 72 of the Chancery act, to which the affiant could testify. This is somewhat like a copy which may be proved by producing a witness, who has compared the copy

with the original record. *West Jersey Traction Co.* v. *Board of Works, 57 N. J. Law 316; affirmed, 58 N. J. Law 362; 22 Corp. Jur. 825 § 943 (d)* ; *2 Wigm. Ev.* §§ *1273, 1277.*

This made out a *prima facie* case by legal proof sufficient to support the order appealed from and the specific restraint therein contained. In the case of *Gilhens* v. *Mount, 64 N. J. Law 166,* the verification was made "upon information and belief." The supreme court held, that such a verification did not justify the restraining clause contained in the order, as the statute required "proof" of the facts, *i. e.,* legal proof. This disposes of the first ground of attack.

As to the second ground of attack, viz., the order was allowed without due process of law, *i. e.,* without notice. This point calls for no discussion. It has no legal merit. The recent case in the United States supreme court (*Endicott-Johnson Corp.* v. *Encyclopedia Press, Inc., 266 U. S. 285*) is a complete answer to this ground of attack. There it was held, in the absence of a statutory requirement, after the rendition of a judgment, the defendant must take notice of what will follow, no further notice being necessary to advance justice.

The order of the court of chancery appealed from is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, VAN BUSKIRK, McGLENNON, KAYS, HETFIELLD, DEAR, JJ. 13.

*For reversal*—None.