RED OAKS, INCORPORATED, a corporation of the State of New Jersey, complainant-respondent,

*v.*

DOREZ, INCORPORATED, a corporation of the State of New New York, defendant-appellant.

[Argued February term, 1936. Decided April 24th, 1936.]

*Messrs. McCarter & English* and *Mr. Edward M. Garlock,* for the defendant-appellant.

*Messrs. Leber & Rubak,* for the complainant-respondent.

The opinion of the court was delivered by

BODINE, J.

The appeal is from a chancery decree enjoining the enforcement of a judgment entered in the second judicial district court of Monmouth county for the possession of certain real estate. The relation between the parties was that of landlord and tenant. The lease was in writing and called for the payment of certain carrying charges as rent. The tenant first entered into possession under an agreement to lease and had then made extensive advances and improvements. On December 6th, 1933, six days after the first installment fell due, the landlord demanded prompt payment under the terms of the lease. The tenant refused on the ground that he was entitled to the benefit of a sixty-day grace period clause contained in a mortgage between the landlord and a third party.

The landlord refusing this extension commenced the dispossess proceedings. Counsel for the tenant at first sought to delay the action. When this was refused he filed a demand for trial by jury. Then he had the case adjourned. Before the day set for trial the demand for the jury was withdrawn and the money due for rent, with interest, was paid into court. The landlord refused to accept this money and no defense being interposed at the trial, the district court, holding that the deposit was not timely under the statute, granted judgment in favor of the landlord. The tenant has been in possession ever since, the court of chancery having granted a preliminary and final injunction.

But for the judgment in the district court, the jurisdiction of the court of chancery to prevent a forfeiture would have been clear. *Sparks* v. *Lorentowicz, 106 N. J. Eq. 178*. After judgment the rule seems different. *McGann* v. *LaBrecque Co., Inc., 91 N. J. Eq. 307; Rafferty* v. *Schutzer, 153 Atl. Rep. 626*. (The official report is misleading.) The reason for this distinction was perhaps best stated by Chancellor Williamson in *Reeves* v. *Cooper, 12 N. J. Eq. 223* (at *p. 226*), as follows: "Where a party has presented the matter which he claims as the ground of his relief to a court of law, and the court has decided against him, or when, through his own negligence, *he has failed to present it to the court in which the suit was pending,* this court can grant no relief. It has no authority to sit in judgment to correct alleged errors of law, and it will not aid a party who, through his own sheer negligence, has involved himself in difficulty."

The learned vice-chancellor based his jurisdiction upon the power of the court to prevent a forfeiture. The difficulty is that the judgment of the law court was either due to the error of that court—which point we cannot determine—or to the omission of counsel in presenting other matters known at that time. Equity may not review a judgment at law or supply another forum to retry a case submitted by the parties to the law courts. *Pom. Eq. Jur. (4th ed.) § 1361*. Where a dispute has been submitted to the courts of law and a decision is rendered a court of equity is powerless to re-examine the same. *Stein* v. *Cuff, 76 N. J. Eq. 277*.

Authorities showing when a court of equity may enjoin a party from enforcing a judgment at law are collected in *Commercial National Trust and Savings Bank* v. *Hamilton, 99 N. J. Eq. 492; affirmed, 101 N. J. Eq. 249.* The rule there stated is: "The court of chancery will not relieve against a judgment at law on the ground of its being contrary to equity, unless the defendant in the judgment was ignorant of the facts in question pending the suit, or the facts could not have been received as a defense, or unless he was prevented from availing himself of the defense by fraud or accident, or the act of the opposite party, unmixed with negligence or fraud on his part; and that it matters not whether the defendant has presented to the law court the matter which he claims as the ground of his relief or through his negligence has failed to present it. *Kinney* v. *Ogden, Admr., 3 N. J. Eq. 168; Reeves* v. *Cooper, 12 N. J. Eq. 223; Brick* v. *Burr, 47 N. J. Eq. 189; Woolsey* v. *Woolsey, 71 N. J. Eq. 609; affirmed, 72 N. J. Eq. 898; Clark* v. *Board of Education, 76 N. J. Eq. 326.* In the latter case the rule is summarized as follows: 'Equity interferes with judgments at law only where there has been fraud, or mistake, or accident in procuring the judgment and where the legal remedies are inadequate.' In *Woolsey* v. *Woolsey, supra,* Mr. Justice Swayze, speaking for the court of errors and appeals, defines the rule as follows: 'Having thus, by acts of omission and commission, led to the result of which they complain, they ought not to be allowed to set it aside. To permit that would amount to permitting suitors to experiment with the court, and if defeated in one court to resort to another."

From an examination of this case, it is apparent that the complainant failed to establish any rights cognizable in equity after judgment at law.

The decree, therefore, is reversed.

*For affirmance*—THE CHIEF-JUSTICE, HEHER, PERSKIE, WELLS, JJ. 4.

*For reversal*—LLOYD, CASE, BODINE, DONGES, HETFIELD, DEAR, WOLFSKEIL, RAFFERTY, JJ. 8.