WILLIAM BOORSTEIN, petitioner-appellant,

*v.*

RUTH BOORSTEIN, defendant-respondent.

[Decided May 20th, 1946.]

*Messrs. Herr, Gordon & Burke,* for the petitioner-appellant.

*Messrs. Collins & Corbin,* for the defendant-respondent.

PER CURIAM.

On November 5th, 1943, the husband filed a petition for divorce on the ground of desertion and prayed for the custody of the child of the marriage. The wife filed an answer and counter-claim in which she denied the desertion and prayed for separate maintenance on the ground that her husband had been guilty of ·extreme cruelty and that he had actually deserted her. Thereupon, the husband filed an amended petition in which he set up three causes of action for divorce as follows: first, for actual desertion alleged to have commenced in August, 1941; second, for desertion predicated on an alleged refusal to have sexual intercourse from August 15th, 1941; and third, for extreme cruelty. In the extreme cruelty cause of action the husband alleged in substance that his wife was a slovenly housekeeper; that she designedly permitted filth and soiled clothing to accumulate for the purpose of rendering cohabitation with her unendurable; that she ordered

the child to ignore him under threat of punishment and turned on three radios in the evenings at their loudest volume to annoy him and refused to cook or prepare meals for him and deliberately served him with ill-cooked food so as to injuriously affect his health, and refused his importunities and thwarted his efforts to remedy and remove these conditions, and as a result he suffered incessant and grievous vexation and torment in mind and body, and his health was impaired, and his life was made so wretched and miserable he was compelled to separate himself from her in August, 1943. All of which the wife denied.

The advisory master found that the evidence did not sustain the charges contained in the husband's petition, but on the other hand that the husband without any justifiable cause abandoned his wife and separated himself from her and refused and neglected to properly maintain and provide for her and the child, as alleged in the wife's counter-claim. A decree was accordingly entered dismissing the husband's petition and awarding the custody of the child to the wife with the right of the husband to visitation privileges and directing the husband to pay the wife, commencing upon the date of the decree, the sum of $30 weekly for her support and $20 weekly for the support of the child, and a counsel fee of $2,500 and costs.

The husband on this appeal complains of the decree dismissing his petition and also of the allowance of separate maintenance and counsel fees, and contends that if separate maintenance is proper in the circumstances, the allowances are excessive. In her cross-appeal the wife contends that the allowances of $50 per week for herself and child are inadequate and should be $100 a week, and the allowance of $2,500 for her counsel is likewise inadequate and should be $5,000.

As stated by counsel for appellant-husband in his brief, this is a fact case.

We have carefully examined the proofs and the law submitted for the respective parties and have reached the conclusion that the advisory master was fully justified in his findings of the essential facts and correct in his application of the law to the facts so found, and that the decree should

be sustained in all particulars. The decree is, therefore, affirmed with costs.

Certain preliminary motions were made by the wife for the dismissal of the husband's appeal because of insufficiency of the state of the case and because of the husband's failure to serve his brief in accordance with the rules. These motions were held over by this court pending the examination of the record. Our decision of the case on this appeal in favor of the wife makes the questions raised in these motions moot. The wife's application for the payment of alimony, suit moneys and counsel fees is likewise disposed of by the affirmance by this court of the decree below.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, BODINE, DONGES, HEHER, PERSKIE, OLIPHANT, WELLS, RAFFERTY, DILL, FREUND, McGEEHAN, JJ. 12.

*For reversal*—None.